## IN THE COURT OF COMMON PLEAS DELAWARE COUNTY, OHIO
### CIVIL DIVISION

| | |
|---|---|
| ELIZABETH A. SLACK<br>281 Leaview Court<br>Columbus, Ohio 43235, | Case No. 09-CVH-12-1781 |
| Plaintiff, | Judge **EVERETT H. KRUEGER** |
| v. | COMPLAINT |
| JP MORGAN CHASE & CO. dba Chase<br>c/o Statutory Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801, | JURY DEMAND ENDORSED HEREON |
| and | |
| "John Doe," Unknown Defendant<br>1111 Polaris Parkway<br>Columbus, Ohio 43240. | |
| Defendants. | |

### COMPLAINT

Plaintiff Elizabeth A. Slack, (hereinafter "Plaintiff" or "Plaintiff Slack"), alleges as follows:

### NATURE OF THE CASE

1. By her Complaint, Plaintiff Elizabeth A. Slack seeks monetary relief, as well as attorney's fees, as set forth below, regarding violations of her rights under, Ohio Rev. Code Chapter 4112, and Ohio tort law claims.

### JURISDICTION AND VENUE

2. This court has jurisdiction over this matter due to the fact that all of the acts, conduct, transactions, and/or occurrences, which form the basis of Plaintiff's claims, as set forth hereafter, occurred within Delaware County, Ohio.

Common Pleas Court
Delaware Co., Ohio
I hereby certify the within be a true
copy of the original on file in this office.
Jan Antonoplos, Clerk of Courts
By_____ Deputy

3.      Venue in this matter is proper in this Court, in that all of the events, acts, and/or omissions giving rise to the claims occurred in Delaware County, Ohio. Venue is also proper in this Court, in that Defendants transact business in Delaware County, Ohio.

## PARTIES

4.      Plaintiff Elizabeth Slack is a former employee of Defendant JPMorgan Chase & Co. (hereinafter "Defendant JPMorgan Chase"). Plaintiff held the position of Fraud Analyst 2 and was employed by Defendant JPMorgan Chase from February 9, 1998 until her unlawful termination on January 14, 2009.

5.      Defendant JPMorgan Chase is a foreign for-profit corporation duly organized and incorporated under the laws of the State of Delaware. Defendant's principal place of business is located at 1111 Polaris Parkway, Columbus, Ohio 43240. Defendant conducts substantial business in the State of Ohio under the brand Chase.

6.      Defendant "John Doe" is an unknown corporate defendant whose principal place of business is located at 1111 Polaris Parkway, Columbus, Ohio 43240. Defendant John Doe is and was, at all times relevant hereto, a parent company, affiliate, subsidiary and/or shareholder of Defendant JPMorgan Chase.

## STATEMENT OF FACTS

7.      Plaintiff Elizabeth Slack is a former employee of Defendant JPMorgan Chase. Plaintiff was employed by Defendant from February 9, 1998 until January 14, 2009. During Plaintiff's employment, Plaintiff held the position of Fraud Analyst 2 at the time of her termination.

8.      In August 2005, Plaintiff delivered her first child. In November 2005, Plaintiff returned from paid FMLA maternity leave.

9. In December 2006, Plaintiff delivered her second child. In March 2007, Plaintiff returned from FMLA maternity leave.

10. In March 2007, Plaintiff was given her annual performance review for 2006. Plaintiff exceeded all goals and had excellent performance statistics. Despite this success, Plaintiff's review resulted in a designation of "Meets Expectations." Under Defendant JPMorgan Chase's policies, a even a designation of "Meets Expectations" results in a pay raise. Despite Plaintiff's scores and designation, Defendant JPMorgan Chase did not increase Plaintiff's wages.

11. Other similarly situated employees of Defendant JPMorgan Chase received a raise in their wages.

12. Because Defendant JPMorgan Chase awards raises based on a percentage of pay, Plaintiff was harmed in the subsequent reviews by a lesser raise in pay than she would have otherwise received.

13. Plaintiff was perceived and treated differently due to her pregnancy, maternity leave, and subsequent utilization of the "new mothers' room" for breastfeeding and lactation purposes. Plaintiff subsequently ceased breastfeeding as a result of Defendant JPMorgan Chase's treatment of Plaintiff.

14. Defendant based its subsequent adverse employment actions of denying promotions and ultimately terminating Plaintiff's employment with Defendant JPMorgan Chase between November 2008 and January 2009.

15. Since 2006, Plaintiff had requested that she be placed on the "PIN team." Plaintiff was denied placement on the PIN team until May 2008 when she complained of gender discrimination in awarding placement. Between 2006 and November 2008, Plaintiff had

complained of discriminatory practices being conducted by Defendants which were contrary to law.

16. In November 2008, Defendant JPMorgan Chase denied Plaintiff the opportunity for training that would enable Plaintiff a promotion to Analyst 3. Such opportunity was given to other similarly situated male employees.

17. In November 2008, Plaintiff applied and was denied the position of temporary DCFP Trainer. This position was given to a lesser qualified male employee of Defendant JPMorgan Chase.

18. During the course of Plaintiff's employment with JPMorgan Chase, Plaintiff was denied promotions and training while male employees who were similarly situated were provided with promotions and training.

19. On January 14, 2009, Plaintiff was terminated by Defendant JPMorgan Chase.

20. As of the date of Plaintiff's termination, Plaintiff was working an average of twenty (20) hours per week at a rate of $17.20 per hour.

21. As of the date of the filing of this Complaint, Plaintiff remains unemployed. Plaintiff has unsuccessfully sought employment since the date of her termination.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF REVISED CODE CHAPTER 4112

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in Paragraphs 1-21 as if fully rewritten herein.

23. Defendant discriminated against Plaintiff on the basis of her gender in violation of R.C. § 4112.02 in denying Plaintiff an increase in her wages and treating her differently than other similarly situated employees because Plaintiff was pregnant.

24. Defendant discriminated against Plaintiff on the basis of her gender in violation of R.C. § 4112.02 in denying Plaintiff promotions on the basis that Plaintiff was female. Other similarly situated, less qualified males were given the promotions instead of Plaintiff.

25. Defendant discriminated against Plaintiff on the basis of her gender in violation of R.C. § 4112.02 in denying Plaintiff the opportunities for training on the basis of her gender. Similarly situated male employees were provided with these training opportunities.

26. As a direct and proximate result of Plaintiff's violation of R.C. § 4112.02, Defendant has suffered actual injuries and damages as set forth herein.

## COUNT TWO
## VIOLATION OF REVISED CODE § 4111.17

27. Plaintiff hereby incorporates by reference Paragraphs 1 through 26 as if fully rewritten herein.

28. Plaintiff discriminated against Defendant by failing to pay her equal wages and/or benefits as other employees due to her sex and pregnancy status.

29. Defendant did not receive a "salary" or "salary" increase equal to that of other similarly situated employees due to her sex and pregnancy status.

30. As a direct and proximate result of Plaintiff's violation of R.C. § 4111.17, Defendant has suffered actual injuries and damages as set forth herein.

## COUNT THREE
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

31. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in Paragraphs 1-30 as if fully rewritten herein.

32. There is a clear public policy against discriminating against an employee on the basis of their sex and pregnancy status as embodied in Ohio Revised Code Chapter 4112.

33. There is a clear public policy against retaliating against employees for their requesting medical leave as embodied in the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

34. Terminating and discriminating against employees under the circumstances as outlined above jeopardizes said public policies.

35. Plaintiff was terminated and/or discriminated against by Defendants on the basis that she was female and for her requesting medical leave.

36. Plaintiff was terminated by Defendants on the basis that she had previously complained of unlawful discriminatory treatment against herself and others by the Defendants.

37. Defendants did not have any overriding legitimate business justification for dismissing Plaintiff.

38. Plaintiff was dismissed while other similarly situated employees were retained.

39. As a direct and proximate result of Defendants' above-referenced actions in violation of public policy, Plaintiff was wrongfully terminated and has suffered actual injuries and damages as set forth herein

WHEREFORE, Plaintiff demands judgment against Defendants, for actual, general, special, punitive, and compensatory damages including back pay and front pay, in an amount in excess of $25,000 and further demands judgment against said Defendants for the costs of this action, including attorney's fees, and such other relief deemed to be just, equitable, and appropriate.

Respectfully submitted,

FARLOW & ASSOCIATES, LLC

Christopher L. Trolinger (0084027)
ctrolinger@farlowlaw.com
Beverly J. Farlow (0029810)
bfarlow@farlowlaw.com
270 Bradenton Avenue, Suite 100
Dublin, Ohio 43017
(614) 734-1270
(614) 923-1031 fax
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Elizabeth Slack respectfully requests that all matters so triable be tried to a jury.

Christopher L. Trolinger (0084027)