IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ELIZABETH A. SLACK,

      Plaintiff,

  v.                                                          Civil Action 2:10-CV-024
                                                            Judge Smith
                                                             Magistrate Judge King

JPMORGAN CHASE & CO., *et al.*,

      Defendants.


## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Plaintiff's *Motion to Remand*, Doc. No. 7. For the reasons that follow, it is **RECOMMENDED** that the motion be **GRANTED**.


**I.**

Plaintiff Elizabeth A. Slack ["Plaintiff"] brings this action against her former employer, Defendant JP Morgan Chase ["Defendant"], claiming that she was wrongfully terminated from employment. This action was originally filed in the Court of Common Pleas for Delaware County, Ohio, but was removed to this Court on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331, 1441. Plaintiff seeks remand of the action to state court.

In her *Amended Complaint*, originally filed in state court, Plaintiff alleges that she was employed by Defendant from February 1998 until her termination in January 2009. *Am. Complaint*, Doc. No. 4 at ¶ 7. Plaintiff claims that she was terminated from employment on account of her "gender, previous pregnancy status, and complaints of discrimination." *Id.* at ¶

14. Count One of the *Amended Complaint* asserts a claim of gender discrimination in violation of O.R.C. § 4112.02. Count Two asserts a claim of failure to pay equal wages and benefits in violation of O.R.C. § 4111.17. Count Three asserts a claim of wrongful termination in violation of public policy. In Count Three, Plaintiff specifically alleges:

> There is a clear public policy against discriminating against an employee on the basis of their sex and pregnancy status as embodied in Ohio Revised Code Chapter 4112.
>
> There is a clear public policy against retaliating against employees for their requesting medical leave as embodied in the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* [hereinafter "FMLA"].
>
> Terminating and discriminating against employees under the circumstances as outlined above jeopardizes said public policies.
>
> Plaintiff was terminated and/or discriminated against by Defendants on the basis that she was female and for requesting her medical leave.
>
> \*　　　　　　　　\*　　　　　　　　\*
>
> As a direct and proximate result of Defendants' above-referenced actions in violation of public policy, Plaintiff was wrongfully terminated and has suffered actual injuries and damages as set forth herein.

*Am. Complaint*, ¶¶ 34-37, 41.

The Defendant removed the instant action to this Court based on these allegations. According to the Defendant, Ohio law does not recognize a claim for wrongful discharge in violation of the public policy embodied in Ohio Revised Code Chapter 4112 or the FMLA. Defendant views Count Three as presenting a claim under federal law. Plaintiff disagrees and moves to remand this case to state court.

**II.**

A civil action founded on a claim arising under the Constitution or laws of the United States may be removed by a defendant to federal court. 28 U.S.C. § 1441(b). A case arises under federal law if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted). Under the "well-pleaded complaint rule," plaintiff is master of her claim. "[T]he fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994). As the removing party, it is the Defendant that bears the burden of establishing the existence of federal jurisdiction and the propriety of the removal. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

### III.

In this case, Defendant contends that the allegations contained in Count Three of the *Amended Complaint* can be read to present only a claim for discrimination and/or retaliation under the FMLA.[1] According to Defendant, Ohio law does not recognize a claim for violation of the public policy expressed in the FMLA. Plaintiff, on the other hand, insists that the allegations contained in Count Three state a claim under Ohio law for wrongful discharge in violation of public policy.

The tort of wrongful discharge in violation of public policy has been recognized under

---

[1] 29 U.S.C. § 2615(a)(2) provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

Ohio law as an exception to the employment at will doctrine. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990). The Ohio Supreme Court has held that a public policy claim is not limited to situations where an employee's discharge violates a statute. Rather, the public policy "may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law." *Painter v. Graley*, 70 Ohio St.3d 377 (1994). The Ohio tort of wrongful discharge in violation of public policy requires a showing of the following:

> 1. That clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law (the *clarity* element).
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize public policy (the *jeopardy* element).
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
> 4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Id.* at 384 (citation omitted).

However, in *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240 (2002), the Ohio Supreme Court held that

> Ohio does not recognize a cause of action for wrongful discharge in violation of public policy when a cause of action is based solely on a discharge in violation of the FMLA. An aggrieved employee's proper recourse for an employer's FMLA violation is to bring the cause of action authorized by Congress under Section 2617.

*Id.,* at 246. In reaching this conclusion, the Ohio Supreme Court specifically found that the public policy expressed in the FMLA statute would not be jeopardized by the absence of a common law claim.

In view of this authority, it is clear that Plaintiff cannot maintain a claim under Ohio law

4

for an alleged violation of the public policy expressed in the FMLA.  Nevertheless, the Court is not convinced that the allegations contained in Count Three of the *Amended Complaint* were intended by plaintiff to assert a federal claim for violation of the FMLA.  A *prima facie* case for discrimination or retaliation under the FMLA requires a showing of the following: (1) that plaintiff engaged in conduct protected by the FMLA; (2) that defendant was aware of the exercise of protected rights; (3) that defendant took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.  *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

Although Plaintiff alleges that she "was terminated and/or discriminated against by Defendants . . for her requesting medical leave," *Am. Complaint* at ¶ 37, plaintiff clearly claims that the Defendant's actions amounted -- not to a violation of the FMLA -- but to a violation of "public policy."  *Id.* at ¶ 41.  Put another way, there is no explicit claim for relief under the FMLA in the *Amended Complaint*.  Thus, the Court declines to construe the *Amended Complaint* as asserting a claim arising under the FMLA, notwithstanding the fact that Count Three fails to state a claim for relief under Ohio law.  In reaching this conclusion the Court is mindful that, because removal jurisdiction raises concerns of federalism, all doubts regarding removal are to be resolved in favor of remand.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In the absence of any federal question in this case, the Court concludes that remand of this action to the state court is appropriate.

Plaintiff seeks an award of costs and attorney's fees incurred in connection with the removal.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"

and the United States Supreme Court has instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court concludes that Plaintiff's reference to the FMLA in the *Amended Complaint* provided Defendant with an objectively reasonable basis for the removal. Thus, the Court concludes that an award of costs and attorney's fees under § 1447(c) is inappropriate.

## IV.

In light of the foregoing, it is **RECOMMENDED** that the Plaintiff's *Motion to Remand*, **Doc. No. 7**, be **GRANTED,** but that Plaintiff's request for an award of costs and attorney's fees be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of*

*Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**April 21, 2010**                          *s/Norah McCann King*
**DATE**                                    **NORAH McCANN KING**
                                              **UNITED STATES MAGISTRATE JUDGE**