IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELIZABETH A. SLACK,**

    **Plaintiff,**

  v.                                               Civil Action 2:10-CV-024
                                                          Judge Smith
                                                          Magistrate Judge King

**JPMORGAN CHASE & CO.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

      This action was removed to this Court on the basis that Plaintiff's *Amended Complaint* stated a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ["FMLA"]. On April 21, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending remand of the action, reasoning that Plaintiff's claim that she had been "terminated and/or discriminated against . . . for her requesting medical leave," *Amended Complaint* at ¶ 37, could not be construed as a claim for relief under the FMLA since Plaintiff alleged only a violation of "public policy" in connection with the claim. *See Report and Recommendation*, Doc. No. 16, at 5. The Magistrate Judge concluded that, "[i]n the absence of any federal question in this case . . . remand of this action to the state court is appropriate." *Id.* The *Report and Recommendation* also recommended that Plaintiff's request for an award of costs and attorney's fees incurred in connection with the removal of this case, pursuant to 28 U.S.C. § 1447(c), be denied. Plaintiff has filed an *Objection* to that *Report and Recommendation,* Doc. No. 17, objecting only to the recommended denial of attorney's fees. The Court will consider the matter *de novo*. 28 U.S.C. §

636(b); Fed. R. Civ. P. 72(b).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Magistrate Judge recommended that costs and attorney's fees be denied because Defendant had an "objectively reasonable basis for the removal" since Plaintiff referred to the FMLA in her *Amended Complaint*.  *Report and Recommendation,* at 5-6.

In her *Objection*, Plaintiff argues that "the mere reference to the federal statute is insufficient to provide an objectively reasonable basis for seeking removal." Doc. No. 17, at 2. Plaintiff relies on the decision in *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055 (6th Cir. 2008), in this regard.

In *Warthman*, the United States Court of Appeals for the Sixth Circuit considered whether a reference in the plaintiff's complaint to the Due Process Clause of the United States Constitution provided an objectively reasonable basis for removal so as to justify the denial of an award of attorney's fees under § 1447(c).  The Sixth Circuit held that, when a plaintiff references federal law, the reference "should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in [plaintiff's] case, simply supports an element of a state claim." *Id.* at 1064 (citations omitted).  In *Warthman*, the plaintiff "rested removal on an isolated mention of the Fourteenth Amendment in a carefully drafted complaint that pled only state-law claims." *Id.*  Thus, the Court of Appeals concluded that the basis for removal was not objectively reasonable.

The Court agrees that the facts presented in this case are analogous to those in *Warthman*.

In this case, Plaintiff refers to the FMLA in her complaint but pleads only a state law claim for violation of public policy.  The fact that the state law claim Plaintiff attempted to assert is not viable under Ohio law, *see Report and Recommendation*, Doc. No. 16, at 4-5, does not alter the analysis.  Accordingly, the Court finds that Defendant did not have an objectively reasonable basis for removal of the instant action.  An award of costs and attorney's fees under § 1447(c) is therefore appropriate.

**WHEREUPON,** plaintiff's motion to remand, Doc. No. 7, is **GRANTED.**  This action is hereby **REMANDED** to the Court of Common Pleas for Delaware County.

Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. §1447(c) is **GRANTED.**  Plaintiff has presented no support for her request, however.  Plaintiff is **DIRECTED** to provide to defendant an itemization of attorney's fees and costs incurred in connection with the motion to remand.  If a dispute arises regarding plaintiff's request for costs and fees, the parties should present that dispute to the Court of Common Pleas for Delaware County.

**IT IS SO ORDERED.**

 /S/ George C. Smith

GEORGE C. SMITH
**UNITED STATES DISTRICT JUDGE**